**Edward ERMLER and Jacquelyn Ermler, Plaintiffs,**

v.

**TOWN OF BROOKHAVEN, Defendant.**

**No. CV 90–2781.**

United States District Court, E.D. New York.

Jan. 16, 1992.

James W. MacNaughton, Woodbridge, N.J., for plaintiffs.

David P. Fishbein, Brookhaven Town Atty., by Garrett W. Swenson, Jr., Medford, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Edward and Jacquelyn Ermler, husband and wife ("Ermlers" or "plaintiffs") bring this action against the Town of Brookhaven ("the Town" or "defendant") under 42 U.S.C. § 1988 for the award of attorney's fees as a result of their successful efforts to convince the Town to allow them to maintain a satellite dish antenna in their backyard. Presently before the Court is plaintiffs' motion and defendant's cross-motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. For the reasons stated below, plaintiffs' motion is granted.

## BACKGROUND

According to the Ermlers' complaint and affidavit, in February 1990, the Ermlers, who live in Brookhaven, New York, purchased a satellite dish antenna and installed it in their backyard. In June 1990, Michael Derby, Brookhaven Building Inspector, told them that the antenna was classified as an "accessory structure," that a building permit was required for its installation, and that its placement in their backyard did not conform with the Town's setback requirements. The Ermlers were also shown a memo dated April 17, 1990 in which the Assistant Town Attorney for Brookhaven advised the Deputy Commissioner of Planning, Environment and Development that satellite dish antennas should be treated as accessory structures under the Brookhaven Building Code. In July 1990, Craig Lucas, Chief Building Inspector for Brookhaven, advised the Ermlers that they should apply for a building permit to install the antenna, and, after its inevitable denial, they should apply for a variance to the Building Code.

On July 18, 1990, the Town of Brookhaven issued a Notice of Violation to the Ermlers by reason of their installing the antenna without a building permit. The Notice of Violation states: "Unless this violation has been corrected within fifteen days, legal proceedings will be instituted to remedy such violation." On July 25, 1990, the Ermlers retained counsel in this matter.

On August 8, 1990, the Ermlers commenced this suit pursuant to 42 U.S.C. §§ 1983 and 1988 seeking an injunction, declaratory relief and attorney's fees. On August 29, 1990, the Town of Brookhaven issued a Final Notice of Violation to the Ermlers. However, by September 5, 1990, negotiations between the parties had begun and the Town agreed to take no further action in regard to the Notices of Violation while the negotiations were proceeding.

By December 20, 1990, upon consideration of *Van Meter v. Township of Maplewood*, 696 F.Supp. 1024 (D.N.J.1988) (town ordinance regulating use of satellite dish antennas preempted by Federal Communications Commission regulation), a case brought to the Town's attention by plaintiffs' counsel, the Town reversed its position: it now states that a building permit is not required for the installation of a satellite dish antenna, such antennas are not subject to any setback limitations, and the

Town will take no action regarding the placement or existence of the Ermlers' antenna. However, because the Town refused to give the Ermlers the right to maintain their antenna "in perpetuity," the parties did not sign a Final Consent Judgment which would have settled this case with each side paying its own attorney fees.

Subsequently, this Court ruled that the Ermlers have no legal basis to pursue their demand that the Town grant them the right to maintain their antenna "in perpetuity." Thus, the only matter left undecided is the parties' cross motions for summary judgment on plaintiffs' claim for attorney's fees.

## DISCUSSION

■ Defendants first contend that plaintiffs are not entitled to attorney's fees in this action pursuant to 42 U.S.C. § 1988 because they do not have any cognizable "rights, privileges or immunities" to sustain an action pursuant to 42 U.S.C. § 1983. In *Golden State Transit v. City of Los Angeles*, 493 U.S. 103, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989), the Supreme Court wrote:

> In all cases, the availability of the § 1983 remedy turns on whether the statute, by its terms or as interpreted, creates obligations "sufficiently specific and definite" to be "within the competence of the judiciary to enforce" ... is intended to benefit the putative plaintiff, and is not foreclosed "by express provision or other specific evidence from the statute itself."

*Id.* at 106, 110 S.Ct. at 448 (quoting *Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 423, 432, 107 S.Ct. 766, 770, 774–75, 93 L.Ed.2d 781 (1987)). Moreover, it is clear that "federal regulations issued under Congress' mandate constitute 'laws' within the meaning of section 1983." *Samuels v. District of*

*Columbia*, 770 F.2d 184, 199 (D.C.Cir. 1985); *see also West Virginia Univ. Hosp., Inc. v. Casey*, 885 F.2d 11, 18 (3d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3213, 110 L.Ed.2d 661 (1990).

Although the Town now concedes that its classification of the Ermlers' satellite antenna as an "accessory structure" was preempted by 47 C.F.R. § 25.104, it argues that this regulation does not create rights protectible by a § 1983 action. The Town relies entirely on *Vernon Howard v. City of Burlingame*, 937 F.2d 1376 (9th Cir. 1991), in which the court found that 47 C.F.R. § 97.111 (concerning the regulation of ham radio antennas) was too " 'vague and amorphous' " to create benefits " 'sufficiently specific and definite to qualify as enforceable rights under ... § 1983.' " *Id.* at 1380 (quoting *Golden State Transit*, 493 U.S. at 106, 110 S.Ct. at 448). The *Howard* court also found that F.C.C. declaratory ruling PRB–1 requires only a " 'reasonable accommodation' between the antenna height desired by ham radio operators and 'the legitimate interests of local governments in regulating local zoning matters.' " *Id.*

■ However, *Howard*, is distinguishable from the instant case because, unlike 47 C.F.R. § 97.111, the regulation here at issue is sufficiently specific for easy judicial enforcement.[1] *Kessler v. Town of Niskayuna*, No. 91–464, 1991 WL 278788 (N.D.N.Y. December 26, 1991); *Cawley v. City of Port Jervis*, 753 F.Supp. 128 (S.D.N.Y.1990) (holding that 47 C.F.R. § 25.104 supports a § 1983 action); *Van Meter*, 696 F.Supp. at 1029 (same). Moreover, unlike F.C.C. ruling PRB–1, 47 C.F.R. § 25.104 does not merely require a "reasonable accommodation," with governmental interests regarding "health, safety or asthetic[s]," but it also preempts any local regulation that prevents or limits reception or imposes excessive costs on the users. *Id.*

---

1. 47 C.F.R. § 25.104 states in pertinent part:
   State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations
   (a) Have a reasonable and clearly defined health, safety or aesthetic objective; and

   (b) Do not operate to impose unreasonable limitations on, or prevent reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment.

 

The Town also contends that no litigation was necessary in this case by reason of its current position that the Ermlers' satellite antenna is not subject to any local regulation and that the Town currently intends no legal action against the Ermlers regarding the placement or maintenance of their antenna. Nevertheless, as evidenced by the facts that the Town issued a Final Notice of Violation in regard to their antenna on August 29, 1990, but completely reversed its position within a few months, it is clear the Town's current position on satellite antennas only came about as a result of this lawsuit.

■ A plaintiff involved in a lawsuit which is resolved by settlement is entitled to an award of attorney's fees as a "prevailing party" when the settlement grants all or some of the relief sought in the complaint. *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987); *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574–75, 65 L.Ed.2d 653 (1980); *Lyte v. Sara Lee Corp.,* 950 F.2d 101 (2d Cir.1991); *Koster v. Perales,* 903 F.2d 131, 134–35 (2d Cir.1990). Although plaintiffs failed to get permission to maintain their satellite antenna "in perpetuity," they have certainly been successful as to the main relief sought in this case.

## CONCLUSION

Trial judges have broad discretion in determining "reasonable" attorney's fees under § 1988. *Polk v. New York State Dept. of Corr. Services,* 722 F.2d 23 (2nd Cir. 1983). "Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims." *Blanchard v. Bergeron,* 489 U.S. 87, 96, 109 S.Ct. 939, 946, 103 L.Ed.2d 67 (1989). Accordingly, plaintiffs' motion for attorney's fees is granted and counsel for plaintiff is ordered to submit an affidavit setting forth the time spent on this case. Such affidavit shall differentiate between the time spent on his successful efforts to convince the Town to reverse its position regarding the Ermlers' right to maintain their satellite antenna under current law, and the time spent on his unsuccessful efforts to get the Town to grant plaintiffs the right to maintain that antenna "in perpetuity." [2]

SO ORDERED.

---

**2.** Counsel's affidavit must, of course, reflect the fact that he has litigated the identical issue in at least three prior cases. *Kessler,* No. 91–464,

1991 WL 278788 (N.D.N.Y. December 26, 1991); *Cawley,* 753 F.Supp. at 128; *Van Meter,* 696 F.Supp. at 1024.