Edward ERMLER and Jacquelyn Ermler, Plaintiffs,

v.

TOWN OF BROOKHAVEN, Defendant.

No. CV 90–2781.

United States District Court, E.D. New York.

Aug. 5, 1992.

---

4. The Court notes that defendants do not contend that plaintiff's Title VII claim is untimely.

W. James MacNaughton, Woodbridge, N.J., for plaintiffs.

David F. Fishbein, Brookhaven Town Atty. by Garrett W. Swenson, Jr., Medford, N.Y., for defendant.

## ORDER

WEXLER, District Judge.

The instant action arises from a dispute between Edward and Jacquelyn Ermler ("the Ermlers" or "plaintiffs") and the Town of Brookhaven ("the Town" or "defendant"), over the Ermlers' right to maintain a satellite dish antenna in their backyard. Now before the Court is plaintiffs' motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## I. BACKGROUND

After the Town initiated legal proceedings against the Ermlers in relation to their satellite dish antenna, they hired W. James MacNaughton, Esq. ("MacNaughton") to represent their interests against the Town. On December 20, 1990, after MacNaughton apprised the Town of recent district court cases in New York and New Jersey dealing with this very issue, and after plaintiffs commenced a suit against the Town pursuant to 42 U.S.C. § 1983, the Town agreed that the Ermlers could keep their antenna. MacNaughton then submitted a stipulation to the Town which stated that each side would pay its own attorney's fees and that the Ermlers would be entitled to keep their satellite dish antenna "in perpetuity."

The Town, however, objected to the "in perpetuity" clause and refused to sign the stipulation. In response, the Ermlers proceeded with their § 1983 action, seeking the right to keep their dish antenna indefinitely and also seeking attorney's fees pursuant to 42 U.S.C. § 1988. In its Memorandum and Order dated January 16, 1992, this Court held that although plaintiffs did not have the right to keep their antenna "in perpetuity," they were substantially successful in their § 1983 action and therefore entitled to reasonable attorney's fees. 780 F.Supp. 120.

As of this date, MacNaughton has received two payments from the Ermlers. At the outset of the action, he received a $2,000 retainer fee under an agreement stating that if defendant paid all attorney's fees in the case, he would return the retainer to the Ermlers. Subsequently, the Ermlers paid MacNaughton $391.67 as reimbursement for out-of-pocket expenses.

MacNaughton has submitted an affidavit setting forth his billing rate as $175 per hour, and the amount of time he spent on this case as 41 hours. The reasonableness of his hourly rate is not contested.

## II. DISCUSSION

■ Pursuant to 42 U.S.C. § 1988 a court may award reasonable attorney's fees to a "prevailing party" in a federal civil rights action, although any hours spent on an unsuccessful claim should be excluded when figuring the fee amount. *Hensley v. Eckerhart*, 461 U.S. 424, 426, 440, 103 S.Ct. 1933, 1935–36, 1943, 76 L.Ed.2d 40 (1983). Defendant now contends that any fees incurred subsequent to December 20, 1990 should be excluded because they were spent pursuing the unsuccessful claim of plaintiffs' right to maintain the satellite dish "in perpetuity." (See Def.'s Aff. in Opp. at 8).

■ In reviewing MacNaughton's time records, the Court finds that a majority of the attorney time spent on this case after December 20, 1990, was dedicated to establishing that the Ermlers were "prevailing parties" under 42 U.S.C. § 1988 and therefore entitled to reasonable attorney's fees. Plaintiffs' summary judgment motion, defendant's cross-motion for summary judgment and plaintiffs' reply brief all address

this main issue. The Court finds that plaintiffs are entitled to reasonable attorney's fees for the time spent in establishing their rights as prevailing parties pursuant to § 1988.

The Court also finds that certain hourly charges set forth in MacNaughton's records reflect time actually spent on the "in perpetuity" issue. (Pls. aff. at 3, 4). Accordingly, the Court finds that the total number of hours spent on the successful claims in this case must be reduced from 41 to 37.5.

■ Plaintiffs' attorney seeks a 15% contingent fee risk multiplier because all legal fees in this case above the $2,000 retainer are on a contingency fee basis. Until recently, courts in the Second Circuit have held that when there was a substantial risk of not prevailing in a § 1983 action, and therefore not recovering any attorney's fees, a district court could allow an upward adjustment to the award. *See, e.g., Williamsburg Fair Hous. Comm. v. Ross–Rodney Hous. Corp.*, 599 F.Supp. 509, 519 (S.D.N.Y.1984). However, in *Burlington v. Dague*, —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), the Supreme Court recently held that a federal fee-shifting statute does not permit an attorney's fee to be enhanced on account of risk or difficulty in contingency cases. In any event, plaintiffs' attorney would not have been entitled to a risk multiplier in this case because, given the nature of the claim and MacNaughton's involvement in similar cases, plaintiffs were almost guaranteed success. *See Kessler v. Town of Niskayuna*, No. 91–4641, 1991 WL 278788 (N.D.N.Y. Dec. 26, 1991); *Cawley v. Port Jervis*, 753 F.Supp. 128 (S.D.N.Y.1990); *Van Meter v. Maplewood*, 696 F.Supp. 1024 (D.N.J.1988). Accordingly, plaintiffs' "lodestar" fee amount is found by multiplying $175 (attorney's reasonable hourly rate) × 37.5 (hours working on plaintiffs' successful claims) to be $6,562.50.

■ Plaintiffs also seek payment for $658.81 in "out-of-pocket" expenses disbursed throughout this action for items ranging from messenger service to computer research. Defendant responds that only the expenses specifically authorized under 28 U.S.C. § 1920 are compensable. This argument, however, was specifically rejected in *Swift v. Blum*, 502 F.Supp. 1140, 1148 (S.D.N.Y.1980), wherein that court awarded costs similar to those sought in the present action. *See also Bradford v. Blum*, 507 F.Supp. 526, 636 n. 22 (S.D.N.Y. 1981) (awarding costs for photocopying, telephone, postage, messenger service and carfare). This Court finds plaintiffs' $658.81 "out-of-pocket" expenses to be reasonable for a case of this nature. Accordingly, the Court holds that the County must reimburse plaintiffs for these expenses.

### III. CONCLUSION

For all the aforementioned reasons, plaintiffs' award of attorney's fees and expenses shall be in the amount of $6,562.50 which is calculated by multiplying the attorney's hourly rate by the reduced number of hours spent on the successful claims. Recoverable "out-of-pocket" expenses are in the amount of $658.81 for a total award of $7221.31. Upon receipt of that amount, MacNaughton shall reimburse the Ermlers for the $2,391.67 that they have advanced to him to date.

SO ORDERED.