Ronald **LOSCHIAVO** and Donna Loschiavo, Plaintiffs–Appellants, Cross–Appellees,

v.

**CITY OF DEARBORN,** Defendant–Appellee, Cross–Appellant.

Nos. 92–1515, 92–1558.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 5, 1993.

Decided Sept. 8, 1994.

---

Lisa A. Symula–Nahikian (argued), John W. Griffin, Jr. (briefed), Williams, Shaefer, Ruby & Williams, Birmingham, MI, for Ronald Loschiavo, Donna Loschiavo.

William C. Hultgren, Debra C. Walling (argued and briefed), Dearborn, MI, for City of Dearborn.

Before: MARTIN and BOGGS, Circuit Judges; and HULL, District Judge.*

---

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennes-     see, sitting by designation.

BOYCE F. MARTIN, Jr., Circuit Judge.

Maintaining that a Federal Communications Commission regulation creates a private right of action under 42 U.S.C. § 1983, Ronald and Donna Loschiavo appeal from the district court's grant of summary judgment in favor of the City of Dearborn. The City of Dearborn, in turn, cross-appeals the district court's grant of a permanent injunction precluding city enforcement of a zoning ordinance regulating the installation of satellite dish antennas. For the following reasons, we reverse the grant of summary judgment to the City and affirm the district court's entry of a permanent injunction.

### I

On October 13, 1990, the Loschiavos installed a receive-only satellite dish antenna in the backyard of their single-family home in Dearborn, Michigan. The antenna is ten feet in diameter and sits atop a twenty-foot mast. Three days later, the Loschiavos received a Notice of Violation for failing to comply with Dearborn Zoning Ordinance No. 81–33, § 501–e, which requires city residents to obtain approval from the Dearborn Zoning Board of Appeals and a permit from the Dearborn Building and Safety Department before installing an antenna whose diameter exceeds three feet. The zoning ordinance also forbids the erection of antennas that are more than eight feet in diameter or more than twelve feet tall. Following a November 28 hearing, the Dearborn Zoning Board of Appeals summarily denied the Loschiavos' application for a variance and ordered the removal of the antenna by December 31.

In response, the Loschiavos filed suit in federal district court, contending that the zoning ordinance violated their rights under the First and Fourteenth Amendments. They also claimed that the ordinance was preempted by a FCC regulation, 47 C.F.R. § 25.104, which prohibits enforcement of local zoning ordinances that unduly interfere with the installation of individual satellite antennas, and asserted a private right of action under 42 U.S.C. § 1983 to enforce the

rights conferred by this regulation. The Loschiavos sought a permanent injunction, declaratory judgment, damages, and other relief.

After a hearing on January 9, 1992, the district court found that the zoning ordinance did not deprive the Loschiavos of their constitutional rights under the First and Fourteenth Amendments and concluded that the FCC regulation did not create "enforceable rights, privileges, or immunities within the meaning of § 1983." *Wright v. Roanoke Redevelopment and Hous. Auth.*, 479 U.S. 418, 423, 107 S.Ct. 766, 770, 93 L.Ed.2d 781 (1987). Accordingly, the court granted summary judgment in favor of the City on these claims.

The Loschiavos' final claim—that the FCC regulation necessarily preempts the Dearborn zoning ordinance—proceeded to trial before the district court. Following four days of testimony, the district court, in a carefully-reasoned opinion, held that Section 25.104 preempts Dearborn Zoning Ordinance No. 81–33, § 501–e. While acknowledging that the City's ordinance had a "reasonable and clearly defined health, safety or aesthetic objective," 47 C.F.R. § 25.104(a), the court concluded that the zoning provision placed unreasonable restrictions on the installation of antennas, thereby thwarting the Loschiavos' reception of satellite signals. Because such limitations run afoul of Section 25.104's mandate, *see* 47 C.F.R. § 25.104(b) (local regulations cannot "operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas"), the district court enjoined the City from enforcing the ordinance as to the Loschiavos.

### II

Asserting a right to enforce the FCC regulation under Section 1983, and to recover damages and attorneys' fees, the Loschiavos now challenge the district court's grant of summary judgment in favor of the City.[1] This Court reviews a grant of summary judgment *de novo*. *Faughender v. City of North*

---

1. The Loschiavos have abandoned their constitutional claims before this Court.

*Olmsted,* 927 F.2d 909, 911 (6th Cir.1991). Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. We view all evidence before us in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In *Maine v. Thiboutot,* 448 U.S. 1, 6–8, 100 S.Ct. 2502, 2505–06, 65 L.Ed.2d 555 (1980), the Supreme Court recognized that plaintiffs may use Section 1983 to enforce not only constitutional rights, but also those rights defined by federal statutes. As federal regulations have the force of law, they likewise may create enforceable rights. *Wright,* 479 U.S. at 431, 107 S.Ct. at 774. Section 1983 is not available, however, "to enforce a violation of a federal statute 'where Congress has foreclosed such enforcement of the statute in the enactment itself and where the statute did not create enforceable rights, privileges, or immunities within the meaning of § 1983.'" *Suter v. Artist M.,* —— U.S. ——, ——, 112 S.Ct. 1360, 1366, 118 L.Ed.2d 1 (1992) (quoting *Wright,* 479 U.S. at 423, 107 S.Ct. at 770).

■ Given that neither of the parties have suggested that the Communications Act of 1934, 47 U.S.C. §§ 151 *et seq.,* provides a comprehensive remedial scheme that precludes the possibility of private enforcement, we focus our attention on the second inquiry: does the regulation at issue, Section 25.104, define a right enforceable under Section 1983? Factors that bear on the resolution of this question include: (1) whether the provision was intended to benefit the plaintiff; (2) whether the provision creates a binding obligation on the governmental unit, rather than merely expressing a congressional preference; and (3) whether the interest asserted is sufficiently specific as to be within the competence of the judiciary to enforce. *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 509, 110 S.Ct. 2510, 2517, 110 L.Ed.2d 455 (1990).[2]

Section 25.104 arose out of the Cable Communications Policy Act of 1984. The 1984 Act was passed in part to promote the growth of satellite programming and to facilitate individual reception of unencrypted satellite signals. *See* 130 Cong. Rec. S14285 (1984) (statement of Sen. Packwood), *reprinted in* 1984 U.S.C.C.A.N. 4738, 4745. In view of this goal, Congress amended the Communications Act to authorize the receipt of unscrambled satellite programming for private viewing. While leaving intact the prohibitions against unauthorized use of radio or wire communications contained in 47 U.S.C. § 605(a), the 1984 Act added the following exclusion:

> The provisions of subsection (a) of this section shall not apply to the interception or receipt by any individual ... of any satellite cable programming for private viewing if—
>
> (1) the programming involved is not encrypted; and
>
> (2)(A) a marketing system is not established ...; or
>
> (B) a marketing system described in subparagraph (A) is established and the individuals receiving such programming ha[ve] obtained authorization for private viewing under the system.

47 U.S.C. § 605(b). "Private viewing" is defined as "viewing for private use in an individual's dwelling unit by means of equipment, owned or operated by such individual, capable of receiving satellite cable programming directly from a satellite." 47 U.S.C. § 605(d)(4).

*Wood v. Tompkins,* 33 F.3d 600, 605–06 (6th Cir.1994) (noting that "the *Suter* majority expressly relied on parts of *Wilder,* carefully distinguished other parts, did not overrule the earlier case, and is entirely consistent with it").

---

**2.** Although some believe that the Supreme Court's recent opinion in *Suter* superseded the well-established framework set forth in *Wilder,* this Court has joined other Circuits in concluding that the two opinions may be harmonized. *See*

552

Shortly thereafter, the FCC, concluding that local regulations regularly interfered with the right recognized by the 1984 Act to receive satellite signals for home viewing, adopted a rule preempting discriminatory local ordinances. In pertinent part, the provision provides:

State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations:

(a) Have a reasonable and clearly defined health, safety or aesthetic objective; and

(b) Do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment.

47 C.F.R. § 25.104. According to the Loschiavos, this regulation created an enforceable right within the meaning of Section 1983. We therefore turn to the three-part *Wilder* inquiry.

■ We have no doubt that the Loschiavos, as the owners of a satellite antenna used to receive programming for home viewing, were intended beneficiaries of this regulation. Section 25.104 was adopted to ensure that "the federally guaranteed right of earth station antenna users to receive certain satellite signals for home viewing" would not be impaired. *In the Matter of Preemption of Satellite Antenna Zoning Ordinance of Town of Deerfield, New York,* 7 F.C.C. Rcd 2172, 2172 (1992), *rev'd on other grounds, Town of Deerfield, New York v. FCC,* 992 F.2d 420, 429–30 (2d Cir.1993). As the FCC recognized in promulgating this regulation, "[i]f individuals cannot use antennas to receive satellite delivered signals because of discrimination or excessive state and local regulation, their right of access as established by Section [605] to interstate communications delivered by satellite will be useless." *Preemption of Local Zoning or Other Regulation of Receive–Only Satellite Earth Stations,* 51 Fed.Reg. 5519, 5522 (1986). Because Section 25.104 seeks to protect individ-

ual satellite antenna users from undue interference, we conclude that the regulation was intended to benefit the Loschiavos.

■ We also find that there is sufficient mandatory language in the FCC's regulation to create a binding obligation on the City of Dearborn. In unequivocal terms, Section 25.104 provides that local regulations such as Dearborn Zoning Ordinance No. 81–33, § 501–e "are preempted" if they unduly limit satellite reception or impose excessive costs on satellite antenna users. 47 C.F.R. § 25.104. While acknowledging that local governments have traditionally maintained a strong interest in zoning matters, the regulation explicitly preempts all zoning ordinances that improperly trammel an individual's right to satellite reception. *Id.; compare Howard v. City of Burlingame,* 937 F.2d 1376, 1380 (9th Cir.1991) (recognizing that FCC declaratory ruling PRB–1 refused to preempt local regulations, requiring instead only "a reasonable accommodation" between the antenna height desired by amateur radio operators and "the legitimate interests of local governments in regulating local zoning matters"). The mandatory language of Section 25.104 sets forth a clear command: local governments are not to enforce zoning ordinances which impose unreasonable limitations on the use of satellite antennas. *Compare Audette v. Sullivan,* 19 F.3d 254, 256 (6th Cir.1994) (finding no Section 1983 cause of action where Medicaid Act merely gave state actors an "incentive," while placing "onus of compliance" upon federal officials). Given its unambiguous nature, we conclude that Section 25.104 imposes a binding obligation on the City of Dearborn.

■ We consider, finally, the third prong of the analytical framework established in *Wilder.* Relying in part on *Suter's* conclusion that the "reasonable efforts" provision of the Adoption Assistance and Child Welfare Act of 1980 did not give rise to a private right of action, the City of Dearborn contends that Section 25.104 fails to define what constitutes an "unreasonable" limitation on the reception of satellite signals, thereby placing the regulation "beyond the competence of the judiciary to enforce." *Wright,* 479 U.S. at 431–32, 107 S.Ct. at 774–75. We disagree. A regulation is not rendered im-

permissibly vague simply because it calls for a judicial determination of "reasonableness." *See Wilder,* 496 U.S. at 520, 110 S.Ct. at 2523 (inquiry into reasonableness of Medicaid reimbursement rates is "well within the competence of the judiciary"); *Wright,* 479 U.S. at 432, 107 S.Ct. at 774 (interpreting "reasonable" utility allowance). Instead, as the Supreme Court has recognized, courts are competent to interpret each statute or regulation by its own terms, considering the provision "in light of the entire legislative enactment." *Suter,* —— U.S. at —— & n. 8, 112 S.Ct. at 1367 & n. 8. Here, the legislative history of the 1984 Act makes clear that Congress amended Section 605(b) of the Communications Act to promote individual access to diverse satellite programming. To further this goal, the FCC adopted Section 25.104, which provides unambiguous notice to local governments that zoning ordinances cannot frustrate the reception of satellite signals for home viewing. Given the straightforward nature of this provision, particularly when considered in light of the purpose of the 1984 Act, we are confident that the reasonableness standard is readily susceptible of judicial evaluation. *See also Preemption of Local Zoning,* 51 Fed.Reg. at 5524 (FCC considers it "within the ability of a court to make legal determinations of reasonableness or excessiveness").

■ Because we believe that the Loschiavos are entitled to bring a Section 1983 action against the City of Dearborn to enforce their right to install a receive-only satellite antenna for private viewing of satellite programming, we conclude that the district court erred in granting summary judgment in favor of the City on this claim.

### III

On cross-appeal, the City of Dearborn contends that it may enforce against the Loschiavos certain portions of its zoning regulation governing the installation of satellite antennas despite Section 25.104. According to the City, the FCC regulation cannot simply override a local government's strong interest in protecting the safety of its residents and preserving the aesthetic quality of its neighborhoods. The City thus maintains that the district court erred by ruling that Dearborn Zoning Ordinance No. 81–33, § 501–e was preempted in its entirety and in permanently enjoining the City from enforcing it as to the Loschiavos.

■ Our review of the record does not reveal that the district court based its decision to enter a permanent injunction on erroneous legal conclusions or findings of fact. Nor did the district court abuse its discretion in fashioning the remedy. *See Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992) (district court's decision to issue a preliminary injunction is reviewed for abuse of discretion and "we accept the court's findings of fact unless clearly erroneous"); *see also Crane v. Indiana High Sch. Athletic Ass'n,* 975 F.2d 1315, 1326 (7th Cir.1992) ("Our review of the district court's decision to grant a permanent injunction 'is limited to the determination of whether the district court abused its discretion in deciding that the circumstances of the case justified injunctive relief.' "). Instead, the district court considered extensive testimony and made specific findings of fact before concluding that, with regard to the installation of a satellite antenna at the Loschiavos' residence, Dearborn Zoning Ordinance § 501–e was necessarily preempted by Section 25.104. We believe that the district court did not abuse its discretion in determining that injunctive relief was warranted and, therefore, affirm the district court's entry of a permanent injunction precluding enforcement of the zoning ordinance against the Loschiavos.

### IV

For the foregoing reasons, we reverse the district court's grant of summary judgment in favor of the City of Dearborn with respect to the Loschiavos' right to enforce Section 25.104 under Section 1983, affirm the district court's order of equitable relief, and remand for further proceedings in accordance with this opinion.