**CAMCO CABLE SERVICES, INC., Plaintiff,**

v.

**The CITY OF LAUDERHILL, Defendant.**

No. 95–6988–CIV.

United States District Court, S.D. Florida.

July 23, 1998.

**1330**

Alvin E. Entin, Paul Jon Layne, Entin & Margules, P.A., Ft. Lauderdale, FL, for Plaintiff.

William R. Scherer, III, Conrad & Scherer, Ft. Lauderdale, FL, for Defendant.

## ORDER

GONZALEZ, District Judge.

This Cause has come before the Court upon Defendant's Motion for Summary Judgment (D.E.# 40). The motion has been fully briefed and is ripe for review.

■ Plaintiff Camco Cable Services (Camco) has filed this action seeking relief for damages it incurred as a result of Defendant City of Lauderhill (City)'s past application of a zoning ordinance that Camco alleges to be violative of Camco's federally protected rights under 42 U.S.C. § 1983, and that Camco alleges to be preempted by 47 C.F.R. § 25.104. The City argues in this Motion that Camco does not have standing to pursue this § 1983 action, that the zoning ordinance avoids preemption according to the terms of § 25.104, and that even if Camco does have standing to bring the § 1983 claim, the claim is not viable because the zoning ordinance in question is rationally related to a legitimate state interest.

Camco is a cable television service provider. In conjunction with providing cable television, Camco also sells and installs satellite antennae and other equipment necessary to receive satellite programming.

As part of its City Code Land Development Regulations, Defendant City has in effect an ordinance governing accessory structures and uses, including the installation and use of satellite dishes and antennae. Among other regulations, this Ordinance requires the acquisition of a building permit prior to satellite installation, and prohibits rooftop mounting of satellite dishes without first obtaining a variance.

In June 1993, Camco, who had contracted with the Las Vistas Condominium Association to provide cable services for the condominiums (Las Vistas), installed four satellite dishes and other necessary components on the roof of the Las Vistas Clubhouse. Camco did not obtain a building permit or a variance prior to installation.

As a result of these violations of the Ordinance, Las Vistas was eventually forced to pay the City a fine of $13,850.00. The contract between Camco and Las Vistas required Camco to reimburse Las Vistas for the fine.

Camco alleges that the City's zoning ordinance is preempted by 47 C.F.R. § 25.104, and that the City's enforcement of the ordinance violated Camco's rights under 42 U.S.C. § 1983. Camco further alleges that it was damaged by the City's enforcement of the Ordinance because it was required to reimburse Las Vistas for the fine, and also because it lost another contract that it would have secured had it not been for the difficulty involved at Las Vistas.

Because § 1983 protects against deprivation of "rights, privileges, or immunities secured by the Constitution and laws", in order for Camco to have standing to bring this action, it must demonstrate that 47 C.F.R. § 25.104 confers a "right." *See Blessing v. Freestone,* 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997); *Harris v. James,* 127 F.3d 993 (11th Cir.1997). In order to determine whether § 25.104 confers a federally protected "right", the Court first considers whether it (§ 25.104) was intended to benefit the plaintiff. *Doe v. Chiles,* 136 F.3d 709 (11th Cir.1998). *See also Harris, supra.*

The FCC adopted § 25.104 as an implementing regulation of the Communications Policy Act of 1984. The purpose of the regulation was to protect "the federally guaranteed right of earth station antenna users to receive certain satellite signals for home viewing." *In the Matter of Preemption of Satellite Antenna Zoning Ordinance of Town of Deerfield, New York,* 7 F.C.C.R. 2172 (1992), *rev'd on other grounds, Town of*

*Deerfield, New York v. FCC,* 992 F.2d 420 (2d Cir.1993). *See also Loschiavo v. City of Dearborn,* 33 F.3d 548 (6th Cir.1994). While this quotation confirms that § 25.104 does protect a federally guaranteed right, it also notes that the right belongs to individual users.

 As the Sixth Circuit Court of Appeals noted in *Loschiavo, supra,* "Section 25.104 seeks to protect individual satellite antenna users from undue interference." *Id.* 33 F.3d at 552. Indeed, upon a computerized research search, this Court has been unable to find any case brought by anyone other than a private individual, such as a homeowner, to enforce § 25.104. The Court finds that § 25.104 was intended to protect private individuals, as opposed to corporations like Camco.

Because Camco was not an intended beneficiary of § 25.104, the Court finds that § 25.104 does not create a federally protected right for Camco. Accordingly, Camco does not have standing under § 1983, and the City's Motion for Summary Judgment must be granted.

Having reviewed the motion and the record, and being otherwise duly advised, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment (D.E.# 40) is **GRANTED.**

2. Defendant is directed to file within ten (10) days of the date of this Order a proposed Order of Final Judgment for entry herein.

3. Plaintiff's Motion for Oral Argument on Defendant's Motion for Summary Judgment (D.E.# 58) is **DENIED.**

4. All pending motions not otherwise ruled upon are **DENIED AS MOOT.**