Grafton
No. 2001-440

KOOR COMMUNICATION, INC.

v.

CITY OF LEBANON

Argued: September 11, 2002
Opinion Issued: December 12, 2002

*Clauson & Atwood*, of Hanover (*K. William Clauson* on the brief) and *Fred Hopengarten*, of Lincoln, Massachusetts, by brief and orally, for the plaintiff.

*Gardner & Fulton, P.L.L.C.*, of Lebanon (*H. Bernard Waugh, Jr.* on the brief and orally), for the defendant.

*Booth, Freret, Imlay & Tepper, P.C.*, of Washington, D.C. (*Christopher D. Imlay* on the brief), for the Society of Broadcast Engineers, Incorporated, as *amicus curiae*.

NADEAU, J. The plaintiff, Koor Communication, Inc., appeals the denial of its motion for partial summary judgment and the grant of summary judgment in favor of the defendant, the City of Lebanon, in this declaratory judgment action challenging a zoning ordinance. We affirm in part, reverse in part and remand.

The Trial Court (*Fitzgerald*, J.; *Burling*, J.) found the following facts. The plaintiff obtained a permit from the Federal Communications Commission (FCC) to construct a commercial AM radio station with four antenna towers, each at a height of 266 feet. The plaintiff proposed to locate the station on Etna Road, in an area of the city zoned light industrial. The city's zoning ordinance, however, allows radio towers only in rural zoning districts and only to a maximum height for new towers of forty-two feet.

The plaintiff requested a variance, which the city's zoning board of adjustment (ZBA) denied. Rather than appeal the ZBA's decision, the plaintiff filed this declaratory judgment action challenging the zoning ordinance on numerous grounds.

The plaintiff moved for partial summary judgment on the ground, among others, that the ordinance is preempted by the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 151-613 (2000). The plaintiff alleged that the proposed 266-foot height of its antennas is the

minimum allowed under federal law, and therefore no antenna tower meeting the city's height restriction could comply with federal height requirements.

The Trial Court (*Fitzgerald*, J.) found neither express nor implicit preemption, but concluded that "genuine issues of material fact remain[ed] with respect to whether the zoning ordinance actually conflicts with the federal law." Accordingly, the court denied the plaintiff's motion.

The city also moved for summary judgment, contending that its height restriction was legal and constitutional. The Trial Court (*Burling*, J.) granted the city's motion on all issues, including preemption. The court again found no express or implied preemption, and found there to be no actual conflict at issue. The court held:

> The federal permits granted to the [plaintiff] ensure that the broadcast towers comply with federal standards. Local land use regulations govern the development patterns in the community. The court finds and rules that there is no actual conflict. *See Florida Lime and Avocado Growers, Inc. v. Paul*, 373 U.S. 132 (1963) (actual conflict occurs where compliance with both federal and state requirements is a physical impossibility).

The court also held that the plaintiff's claim that the zoning ordinance effected a taking of its property without just compensation (taking claim) failed as a matter of law.

We apply the following standard of review.

> In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. We review the trial court's application of the law to the facts *de novo*.

*Iannelli v. Burger King Corp.*, 145 N.H. 190, 193 (2000) (quotation and citations omitted).

■■ The plaintiff argues, among other things, that the city's height restriction is preempted by federal law. Under the Supremacy Clause of the Federal Constitution, state law is preempted where: "(1) Congress expresses an intent to displace state law; (2) Congress implicitly supplants state law by granting exclusive regulatory power in a particular field to the federal government; or (3) state and federal law actually conflict."

*Disabilities Rights Center, Inc. v. Comm'r, N.H. Dept. of Corrections*, 143 N.H. 674, 676 (1999). "Federal regulations have the same preemptive force as federal statutes." *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311, 321 (2d Cir.), *cert. denied*, 531 U.S. 917 (2000).

"An actual conflict exists when it is impossible for a private party to comply with both state and federal requirements or where state law stands as an obstacle to the accomplishments and execution of the full purpose and objective of Congress." *Disabilities Rights Center*, 143 N.H. at 678 (quotation omitted). The plaintiff argues that it is impossible to comply with both the city's ordinance, which prohibits any antenna of a height greater than forty-two feet, and federal law, which requires a minimum antenna height of 266 feet for the type of station proposed by the plaintiff, namely, a Class B station at 720 kHz, *see* 47 C.F.R. § 73.189 (b)(2)(ii) (2001). The plaintiff also contends that it is impossible for a station of any class, operating at any AM broadcast frequency, to meet both the FCC's minimum height requirements and the city's height restriction. *See* 47 C.F.R. §§ 73.189, 73.190 (fig. 7) (2001).

The city asserts that it is not physically impossible to comply with both laws, contending that "[p]hysical impossibility occurs only when one law is a mandate and the other a prohibition." Thus, the city argues that because the plaintiff is not required by federal law to construct a 720 kHz AM broadcast station in Lebanon, but merely desires to do so, it can comply with both laws by simply not constructing its proposed antenna.

The city cites no authority for its narrow interpretation of physical impossibility, and we are not persuaded. We note that the principal case cited by both the city and the trial court as authority for the physical impossibility doctrine undermines the city's position. In *Florida Lime & Avocado Growers v. Paul*, 373 U.S. 132, 133-34 (1963), the Supreme Court addressed whether a California law that prohibited the sale or transportation in California of immature avocados, as determined by oil content, was preempted by federal regulations that assessed the maturity of Florida-grown avocados by standards other than oil content. The Court stated:

> A holding of federal exclusion of state law is inescapable and requires no inquiry into congressional design where compliance with both federal and state regulations is a physical impossibility for one engaged in interstate commerce. That would be the situation here if, for example, the federal orders forbade the picking and marketing of any avocado testing more than 7% oil, while the California test excluded from the State any avocado measuring less than 8% oil content.

*Id.* at 142-43 (citations omitted). The Court's example precludes the argument that a Florida grower could comply with both laws simply by not selling its avocados in California.

Like the Court's example in *Florida Avocado Growers*, the federal and local regulations at issue here set incompatible restrictions on the same variable: oil content in *Florida Avocado Growers* and antenna height here. Figure 7 of 47 C.F.R. § 73.190 graphically shows the minimum antenna heights required for AM broadcast stations at various frequencies. At no frequency does the minimum height appear to fall below forty-four meters or approximately 144.36 feet. Accordingly, we conclude that for anyone seeking to operate a new FCC-licensed AM station in the city, compliance with both the zoning ordinance and federal law is a physical impossibility.

■ We note that we are not dealing with a situation in which the plaintiff might comply with both federal law and the local ordinance by locating the facility in a different zoning district of the city. It has been recognized, even in an area of FCC regulation containing explicit preemption rules, that "[a]lthough courts have found local ordinances preempted when a height limitation is imposed, they recognize that zoning is typically a function reserved for local regulation. Land use policy customarily has been considered a feature of local government and an area in which the tenets of federalism are particularly strong." *Evans v. Board of County Com'rs*, 994 F.2d 755, 761 (10th Cir. 1993) (quotation omitted) (amateur radio). "Moreover, local authority over siting of broadcast towers, based on considerations not within the exclusive regulatory authority of the FCC, remains unimpaired." *Freeman*, 204 F.3d at 324. Thus, this opinion does not hold that the plaintiff's FCC license gives it unrestricted authority to site its antenna tower anywhere in the city notwithstanding valid zoning ordinances that do not frustrate federal objectives. Rather, we merely hold that where it is impossible to comply with federal law and the zoning ordinance at any location in the city, an actual conflict exists and the local law is preempted.

■ The city argues that it has not completely excluded communication towers, and that the trial court correctly so found. Specifically, the trial court found that "the City permits an existing cluster of towers on Crafts Hill." The city points out that affidavits it submitted to the trial court show that there are eleven communication towers in Lebanon and that it has "allowed new, taller towers on Crafts Hill, based on the doctrine of the expansion of nonconforming uses." However, the city has failed to demonstrate how the existence of other towers in the city would enable the plaintiff to comply with both federal law and local regulation. As the city presented evidence that the plaintiff owns no real property in Lebanon, it

may be inferred that the plaintiff does not own property on Crafts Hill. Moreover, there was no evidence presented that the plaintiff could obtain permission from the owner of the Crafts Hill site to place a tower there, even assuming it could get a special exception from the ZBA to exceed the height restriction. Thus, the city failed to raise a genuine issue of material fact as to the possibility of compliance with federal and local law by locating a tower on Crafts Hill.

The city also argues that the weight of applicable authority is against a finding of preemption here. Specifically, the city contends that we should look to cases involving amateur radio antennas decided prior to the FCC's promulgation of an explicit preemption rule regarding amateur radio. *See* 47 C.F.R. § 97.15(b) (2001). The city asserts that these cases "*uniformly* held that local zoning of tower or antenna height was *not* preempted."

We agree with the city that the pre-rule amateur radio cases are helpful to our analysis here, but we actually find in them support for preemption in this case. For instance, in determining that federal law did not preempt a local zoning ordinance limiting the height of radio and television antennas, the court in *Schroeder v. The Municipal Court of the Los Cerritos Judicial District*, 141 Cal. Rptr. 85, 87-88 (Ct. App. 1977), *appeal dismissed*, 435 U.S. 990 (1978), reasoned:

> [T]he federal regulation of amateur radio operators (47 C.F.R. §§ 97 et seq.) reveals no detailed regulation of antenna height, but rather one blanket limitation on height to 200-foot (47 C.F.R. § 97.45), plus extensive height regulation of antennas in the vicinity of airports. The FCC has not exhibited concern over antenna height where airport safety is not involved. By contrast, many detailed regulations govern the assignment of frequencies and the prevention of interference phenomena (see e.g., 47 C.F.R. §§ 97.73, 97.131, 97.133), and there can be no doubt that federal regulation has pre-empted control in those areas.

*See also Guschke v. City of Oklahoma City*, 763 F.2d 379, 383 (10th Cir. 1985).

In the case of AM broadcast stations, there are detailed regulations mandating minimum antenna heights, *see, e.g.*, 47 C.F.R. §§ 73.189, 73.190 (2001), at least in lieu of proof to the FCC that required minimum field strengths can be achieved by an antenna of less than the specified minimum height, *see* 47 C.F.R. §§ 73.186, 73.189 (2001). Such detailed regulations weigh in favor of a finding of preemption. *Cf. Schroeder*, 141 Cal. Rptr. at 88.

The differing underlying regulations for AM broadcast stations and amateur radio also undermine the city's argument that the FCC's

promulgation of explicit preemption rules in areas such as amateur radio implies the absence of preemption in areas where the FCC has not promulgated explicit preemption rules. The city argues: "The Plaintiff's claim of *implied* preemption cannot be correct, because if it were, the promulgation of *explicit* preemptive rules in the case of amateur radio and cell phone antennas — as well as FCC's 1997 proposal (never adopted) for preemptive rules for broadcast antennas — would have been meaningless acts." Because different communications services are subject to different regulations, the extent of which would affect whether explicit preemption in that area was necessary or not, such a generalization is invalid.

We also reject the city's argument that the FCC's failure to adopt proposed preemptive rules that would have covered all broadcast facilities indicates a lack of federal preemption. *See Preemption of State and Local Zoning and Land Use Restrictions on the Siting, Placement and Construction of Broadcast Transmission Facilities*, 62 Fed. Reg. 46241 (proposed August 19, 1997). We have noted that "[t]he legislature expresses its will by enacting laws, not by failing to do so." *Merrill v. Manchester*, 114 N.H. 722, 728 (1974). The same holds true for the FCC and its promulgation of regulations.

The plaintiff next challenges the trial court's grant of summary judgment to the city on the plaintiff's taking claim. The court had previously held, based upon the plaintiff's failure to appeal the ZBA's decision, that "[t]o the extent that the plaintiff is seeking compensation for an unconstitutional taking, injunctive relief, or damages occasioned by the ZBA's denial of the variance applied for in 1998, the instant action is barred under the doctrine of res judicata." The court also held that the plaintiff's taking claim failed because "there is no legal support for plaintiff's argument that a license can constitute a property interest for the purposes of a regulatory taking or inverse condemnation."

In its notice of appeal, the plaintiff challenged both rulings. In its brief, however, the plaintiff argues only that the trial court erred in not recognizing an FCC license as property. The plaintiff's brief fails to challenge the trial court's res judicata holding. Since a party waives arguments not briefed, even if raised in the notice of appeal, *see MacMillan v. Scheffy*, 147 N.H. 362, 363 (2001), and the trial court's res judicata holding provided an alternative basis for its grant of summary judgment to the city on the plaintiff's taking claim, we uphold the court's decision without addressing the merits of the parties' arguments.

We also need not address the city's arguments regarding the validity of its zoning ordinance under a substantive due process analysis because we hold that the ordinance is nevertheless preempted by federal law.

*Affirmed in part; reversed in part; remanded.*

DALIANIS and DUGGAN, JJ., concurred.