66 F.3d 326
 150 L.R.R.M. (BNA) 2960
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Jerry L. RHODES and Donald Floreske, doing business as
Rhodes & Associates, Respondents.
 No. 95-5573.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1995.
 
 Before: WELLFORD, MILBURN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its January 30, 1995, decision and order in Case No. 7-CA-36377 in which it found the respondents violated federal labor law and directed the respondents to take certain remedial steps stated therein. The respondents did not file an answer to the complaint and have not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-36377 is hereby enforced. The respondents, Jerry L. Rhodes and Donald Floreske, d/b/a Rhodes & Associates, Livonia, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing or refusing to bargain in good faith with Detroit Area Local 67, Operative Plasterers' and Cement Masons International Association, AFL-CIO (the "Union") as the limited exclusive bargaining representative of the employees in the following unit, by failing and refusing to make timely and complete contributions to the Union and/or the fringe benefit funds for union dues and various fringe benefits, to pay liquidated damages for late payments to the fringe benefit funds, to submit to the Union and the fringe benefit funds timely and complete monthly reports, and to allow the Union, by an agent of the fringe benefit funds, to conduct a payroll audit, as provided by the 1993-1994 and 1994-1997 Association Agreements:
 
 
 4
 All full-time and regular part-time journeymen and apprentice plasterers employed by the respondents at or out of their Farmington Hills facility and/or Livonia facility, but excluding all office clerical employees, guards and supervisors as defined by the National Labor Relations Act (the "Act").
 
 
 5
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 6
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 7
 (a) Honor the terms and conditions of the 1993-1994 and 1994-1997 Association Agreements by making all contractually required benefit fund contributions and payments for liquidated damages that have not been made since March 15, 1994, and make whole the unit employees for any expenses resulting from their failure to do so, as set forth in the remedy section of the Board's decision and order.
 
 
 8
 (b) Remit to the Union, with interest, dues that were deducted from the pay of unit employees pursuant to valid dues-checkoff authorizations that have not been remitted since March 15, 1994, as required by the 1993-1994 and 1994-1997 Association Agreements.
 
 
 9
 (c) Submit to the Union and the fringe benefit funds in a timely and complete manner all required monthly reports that have not been submitted since March 15, 1994, as provided in the 1993-1994 and 1994-1997 Association Agreements.
 
 
 10
 (d) Allow an agent of the fringe benefit funds to conduct the payroll audit requested on August 23, 1994, as provided by the 1993-1994 and 1994-1997 Association Agreements.
 
 
 11
 (e) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 12
 (f) Post at its facility in Livonia, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 13
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 ENTERED BY ORDER OF THE COURT
 APPENDIX
 
 14
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 15
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 16
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 17
 WE WILL NOT fail or refuse to bargain in good faith with Detroit Area Local 67, Operative Plasterers' and Cement Masons International Association, AFL-CIO, as the limited exclusive bargaining representative of the employees in the following unit, by failing and refusing to make timely and complete contributions to the Union and/or the fringe benefit funds for union dues and various fringe benefits, to pay liquidated damages for late payments to the fringe benefit funds, to submit to the Union and the fringe benefit funds timely and complete monthly reports, and to allow the Union, by an agent of the fringe benefit funds, to conduct a payroll audit, as provided by the 1993-1994 and 1994-1997 Association Agreements:
 
 
 18
 All full-time and regular part-time journeymen and apprentice plasterers employed by us at or out of our Farmington Hills facility and/or Livonia facility, but excluding all office clerical employees, guards and supervisors as defined in the Act.
 
 
 19
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 20
 WE WILL honor the terms and conditions of the 1993-1994 and 1994-1997 Association Agreements by making all contractually required benefit fund contributions and payments for liquidated damages that have not been made since March 15, 1994, and WE WILL make whole the unit employees for any expenses resulting from our failure to do so, with interest.
 
 
 21
 WE WILL remit to the Union, with interest, dues that were deducted from the pay of unit employees pursuant to valid dues-checkoff authorizations that have not been remitted since March 15, 1994, as required by the 1993-1994 and 1994-1997 Association Agreements.
 
 
 22
 WE WILL submit to the Union and the fringe benefits funds in a timely and complete manner all required monthly reports that have not been submitted since March 15, 1994, as provided in the 1993-1994 and 1994-1997 Association Agreements.
 
 
 23
 WE WILL allow an agent of the fringe benefit funds to conduct the payroll audit requested on August 23, 1994, as provided by the 1993-1994 and 1994-1997 Association Agreements.
 
 
 24
 JERRY L. RHODES AND DONALD FLORESKE D/B/A RHODES & ASSOCIATES