# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2020

Lyle W. Cayce
Clerk

No. 19-60596

Leonard Thurman,

*Plaintiff—Appellant*,

*versus*

Medical Transportation Management, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-282

Before Clement, Ho, and Duncan, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

Leonard Thurman is a Medicaid recipient. He asked Medical Transportation Management, Inc. ("MTM") to drive him to a doctor's appointment. But according to the company, Thurman failed to provide MTM with the information needed to confirm his request. In response, Thurman sued under 42 U.S.C. § 1983, among other claims. He alleged that MTM's failure to pick him up violated his purported right to non-emergency medical transportation under various federal regulatory and statutory Medicaid provisions. The district court dismissed Thurman's claims, and rightly so.

No. 19-60596

Whether a § 1983 claim may be brought to enforce an administrative regulation is an open question in this circuit. But the overwhelming majority of circuits that have decided the issue have held that such claims may not be brought—consistent with the principle that federal rights are created by Congress, not agencies of the Executive Branch, as the Supreme Court has affirmed on various occasions. *See*, *e.g.*, *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). We agree and therefore join those circuits on this question. We also hold that none of the statutory provisions invoked by Thurman clearly and unambiguously create a right to non-emergency medical transportation, as established precedents require for a claim under § 1983. Accordingly, we affirm.

## I.

MTM provides non-emergency medical transportation to Medicaid recipients. Thurman alleges that he requested a pickup for a doctor's appointment to treat complications stemming from a tooth extraction performed two weeks earlier. But MTM did not pick him up. So Thurman filed an internal grievance with MTM. In response, MTM explained that the trip was never confirmed because Thurman did "not provide all trip information" during the scheduling call, placed the MTM representative on hold, and did not return to the line.

Initially proceeding pro se, Thurman sued MTM.[1] He brought, among others, a claim under 42 U.S.C. § 1983. MTM moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). In response, Thurman conceded all claims other than his § 1983 claim. So the single issue

---

[1] After filing suit, Thurman was represented by two attorneys who filed a brief in response to MTM's motion to dismiss. Both attorneys moved to withdraw before the court decided the motion. The court allowed the withdrawals.

for decision was whether MTM deprived Thurman of a federal right cognizable under § 1983.

Section 1983 only applies to "state actors." But MTM did not dispute Thurman's assertion that it is a "state entity" that is jointly funded by the state and federal governments. So the district court assumed that MTM was acting under color of state law. The district court nevertheless held that there is no federal right to non-emergency medical transportation enforceable in a § 1983 action, and therefore granted MTM's motion to dismiss.

Again proceeding pro se, Thurman appealed and attempted to file a brief with this court multiple times. We initially dismissed Thurman's appeal for want of prosecution. However, on further review, this court reopened the appeal and appointed pro bono counsel. We specifically ordered that the parties file supplemental briefs "addressing whether an administrative regulation may establish a federal right enforceable under 42 U.S.C. § 1983."

## II.

We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006). When a court reviews a motion to dismiss for failure to state a claim under Rule 12(b)(6), it accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). As the Supreme Court has held, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And a complaint may be dismissed if it clearly lacks merit—for example, where there is "an absence of law to support a claim of the sort made." *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 99 (5th Cir. 1974) (quotations

omitted) (quoting *De Loach v. Crowley's, Inc.*, 128 F.2d 378, 380 (5th Cir. 1942)).

## III.

"Section 1983 liability results when a 'person' acting 'under color of' state law, deprives another of rights 'secured by the Constitution' or federal law." *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016) (quoting 42 U.S.C. § 1983). So simply stating a violation of federal law is not enough. *See*, *e.g.*, *Cuvillier v. Taylor*, 503 F.3d 397, 402 (5th Cir. 2007). Under the plain text of § 1983, a plaintiff may bring an action only for a violation of a "right" afforded to that person under federal law. *See*, *e.g.*, *Gonzaga*, 536 U.S. at 283. Moreover, federal law "must provide 'an unambiguously conferred right' with an 'unmistakable focus on the benefitted class.'" *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 371 (5th Cir. 2018) (emphasis omitted) (quoting *Gonzaga*, 536 U.S. at 283–84).

## A.

The first question Thurman raises in this appeal is whether the Medicaid transportation regulation, 42 C.F.R. § 431.53, creates an individual federal right that can be enforced through a § 1983 action. To answer that question, we must decide whether *any* agency regulation can ever independently create individual rights enforceable through § 1983.

We have not answered this question before. *See Texas RioGrande Legal Aid, Inc. v. Range*, 594 F. App'x 813, 815 n.4 (5th Cir. 2014) ("Although there is no dispute that federal statutes may create private rights that are enforceable under § 1983, there is an interesting and difficult question that has divided courts as to whether agency regulations may do the same.") (collecting cases); *Gracia v. Brownsville Hous.*, 105 F.3d 1053, 1057 (5th Cir. 1997) ("[I]t is not clear that regulations can be considered 'laws' for purposes of creating a right actionable under section 1983.") (citing *Wright v. Roanoke*

*Redev. & Hous. Auth.*, 479 U.S. 418, 437–39 (1987) (O'Connor, J., dissenting)).

Nor has the Supreme Court. But the Supreme Court has provided important guidance that, like other circuits, we find dispositive of this question.

In *Sandoval*, the Court held that regulations cannot create causes of action enforceable in federal court. 532 U.S. at 293. "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Id.* at 291. "Agencies may play the sorcerer's apprentice but not the sorcerer himself." *Id.*

The following year, the Court held that statutory violations may be enforced under § 1983—but *only* if it is clear that Congress actually intended to create an individually enforceable right. *See Gonzaga*, 536 U.S. at 283. The Court explained that "whether a statutory violation may be enforced through § 1983 is a different inquiry than that involved in determining whether a private right of action can be implied from a particular statute." *Id.* (cleaned up). "But the inquiries overlap in one meaningful respect—in either case we must first determine whether Congress *intended to create a federal right*." *Id.* For "it is *rights*, not the broader or vaguer 'benefits' or 'interests,' that may be enforced under the authority of that section." *Id.* Moreover, *Gonzaga* imposes a rigorous standard to ensure that entities are on notice that they could be held liable under § 1983 for violations of the asserted right. "[No]thing short of an unambiguously conferred right" is sufficient "to support a cause of action brought under § 1983." *Id.*

It follows from *Sandoval* and *Gonzaga* that agency regulations cannot independently confer federal rights enforceable under § 1983 for one simple reason: Those cases make clear that it is Congress, and not an agency of the

Executive Branch, that creates federal rights. *See*, *e.g.*, *Sandoval*, 532 U.S. at 291 ("Language in a regulation . . . may not create a right that Congress has not."); *Gonzaga*, 536 U.S. at 283 ("[No]thing short of an unambiguously conferred right [will] support a cause of action brought under § 1983. . . . [W]e must first determine whether Congress *intended to create a federal right*.").

The Third, Fourth, Sixth, Ninth, and Eleventh Circuits have all reached the same conclusion. *See S. Camden Citizens in Action v. New Jersey Dep't of Envtl. Prot.*, 274 F.3d 771, 788 (3rd Cir. 2001); *Smith v. Kirk*, 821 F.2d 980, 984 (4th Cir. 1987); *Caswell v. City of Detroit Hous. Comm'n*, 418 F.3d 615, 618, 620 (6th Cir. 2005); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003); *Harris v. James*, 127 F.3d 993, 1008 (11th Cir. 1997). Those circuits agree that "the Supreme Court's § 1983 jurisprudence is founded on the principle that Congress creates rights by statute." *Save Our Valley*, 335 F.3d at 936 (citing *S. Camden Citizens in Action*, 274 F.3d at 790; *Harris*, 127 F.3d at 1008–09). For it is "Congress, rather than the executive, [that] is the lawmaker in our democracy." *Save Our Valley*, 335 F.3d at 939.[2]

Thurman asks us to ignore those circuit precedents, and instead follow an earlier decision of the Sixth Circuit, which held that agency

---

[2] The D.C. Circuit has reached the opposite conclusion. But it did so under narrow circumstances not presented here. In that case, Congress "explicitly directed" the Department of Housing and Urban Development to issue certain regulations to ensure compliance with federal statutes. *Samuels v. District of Columbia*, 770 F.2d 184, 199 (D.C. Cir. 1985). As the court concluded, "*[a]t least where Congress directs regulatory action*, we believe that the substantive federal regulations issued under Congress' mandate constitute 'laws' within the meaning of section 1983." *Id.* (emphasis added). Far from a broad pronouncement that regulations can independently confer federal rights, then, *Samuels* at most stands for the proposition that regulations can confer rights when *Congress explicitly directs regulatory action*. *Id.* at 201. And in any event, *Samuels* was issued before the Supreme Court's decisions in *Sandoval* and *Gonzaga*.

regulations can create individual federal rights. In *Boatman v. Hammons*, 164 F.3d 286 (6th Cir. 1998), the court held that, "because federal regulations have the force of law, they must be characterized as 'law' under § 1983." *Id.* at 289. But there is a missing step in that logic. Even if a regulation has the force of law, it is a separate question whether that law is an enforceable right under § 1983. And we know from *Gonzaga* that the answer is no—not unless Congress has created such an enforceable right by statute. 536 U.S. at 285. So *Boatman* does not answer the question at issue here. What's more, the Sixth Circuit has expressly disavowed the authority on which *Boatman* relied, *Loschiavo v. City of Dearborn*, 33 F.3d 548 (6th Cir. 1994). *See Johnson v. City of Detroit*, 446 F.3d 614, 629 (6th Cir. 2009) (stating that after *Gonzaga* and *Sandoval*, "the rule expressed in *Loschiavo*, that a federal regulation alone may create a right enforceable through § 1983, is no longer viable"); *see also Caswell*, 418 F.3d at 618, 620.

Accordingly, we join the Third, Fourth, Sixth, Ninth, and Eleventh Circuits and hold that Thurman cannot sue MTM under § 1983 based solely on the non-emergency medical transportation regulation.

**B.**

Alternatively, Thurman asks us to construe three statutory provisions in conjunction with the Medicaid non-emergency medical transportation regulation to establish a federal right enforceable under § 1983. Specifically, he relies on 42 U.S.C. § 1396a(a)(8), (19), and (70), which read as follows:

A state plan for medical assistance must—

(8) provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals; . . .

No. 19-60596

> (19) provide such safeguards as may be necessary to assure that eligibility for care and services under the plan will be determined, and such care and services will be provided, in a manner consistent with simplicity of administration and the best interests of the recipients; . . .

> (70) at the option of the State and notwithstanding paragraphs (1), (10)(B), and (23), provide for the establishment of a non-emergency medical transportation brokerage program in order to more cost-effectively provide transportation for individuals eligible for medical assistance under the State plan who need access to medical care or services and have no other means of transportation . . . .

None of these provisions even come close to establishing the "unambiguously conferred right" necessary "to support a cause of action brought under § 1983." *Gonzaga*, 536 U.S. at 283. *See also Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997) ("[T]he plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence," and that "the statute must unambiguously impose a binding obligation on the States.") (citation omitted).

Among the statutory provisions cited by Thurman, only paragraph 70 even refers to transportation. But far from establishing an individual *right* to non-emergency medical transportation, it expressly gives states the *option* to establish a transportation brokerage program.

Paragraphs 8 and 19 do not mention transportation at all. And there is no basis for reading a transportation right into those paragraphs. At most, those provisions establish only a right to receive certain health care services from the Medicaid program. *See, e.g.*, *Romano v. Greenstein*, 721 F.3d 373, 379 (5th Cir. 2013) (holding that paragraph 8 creates a right to "medical assistance" with "reasonable promptness"). Moreover, the Eleventh

Circuit has held that paragraph 19 "imposes only a generalized duty on the States—in other words, the provision is insufficiently specific to confer any particular right upon the plaintiffs." *Harris*, 127 F.3d at 1010.

Accordingly, we agree with the Eleventh Circuit that paragraphs 8, 19, and 70, whether on their own or in combination with 42 C.F.R. § 431.53, cannot "support a conclusion that Congress has unambiguously conferred upon Medicaid recipients a federal right to transportation enforceable under § 1983." *Id.* at 1012.

\* \* \*

For the foregoing reasons, we affirm.