# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2023

Lyle W. Cayce
Clerk

———————

No. 23-40004
Summary Calendar

———————

Adan DeLeon,

*Plaintiff—Appellant*,

*versus*

Nueces County,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CV-143

———————————————————

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Adan DeLeon sued Officer Bobby Joe Benavides and Nueces County, Texas under 42 U.S.C. § 1983. The district court dismissed the County, finding that DeLeon failed to adequately plead any *Monell v. Department of Social Services*, 436 U.S. 658 (1978), claim for use of excessive force, for failure to train, or for failure to intervene. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40004

# I

Adan DeLeon is an inmate at the Nueces County jail.[1] Several summers ago, DeLeon was moved from one cell to another. He did not appreciate the move, and so requested to "speak to rank" about it. Officer Benavides, known amongst inmates as "the Punisher," then pulled DeLeon from his cell and mercilessly beat him. DeLeon was left with a fractured eye socket, nose, and ribs, and several cracked disks in his neck.

DeLeon sued. Against Benavides, he claimed violations of his Fourth Amendment right to be free from excessive force.[2] Against the County, he claimed a sanctioned policy of employing excessive force and declining to intervene, and a failure to train or supervise its personnel in the proper use of force. To demonstrate his claimed pattern or policy, DeLeon pointed to a 1997 incident in which an inmate was beaten by County officers and later died. He also identified six other County officials (their roles unspecified) who were subject to multiple internal investigations, many involving excessive force, between 1992 and 2009.

The district court eventually dismissed all claims against the County. The court explained that DeLeon's municipal liability claims required that

---

[1] Because this comes to us from a granted motion to dismiss, DeLeon's alleged facts are taken as true.

[2] DeLeon is a prisoner, however, so this is better construed as a violation of his Eighth Amendment right to be free from cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) ("We think the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners in cases . . . where the deliberate use of force is challenged as excessive and unjustified."). But this distinction does not matter for our purposes.

2

No. 23-40004

he plead "at least a pattern of similar incidents." He did not, said the court, and so dismissal was warranted. DeLeon now appeals.[3]

## II

The court reviews a district court's dismissal for failure to state a claim de novo. *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 955 (5th Cir. 2020). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quotations and citation omitted). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted).[4]

The County isn't liable under § 1983 for "an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. It instead faces liability only "when execution of [its] policy or custom . . . inflicts the injury[.]" *Id.* To succeed on such a claim, DeLeon must identify "(1) an official policy (2) promulgated by the municipal policymaker (3) [that] was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*,

---

[3] At the time of this appeal, proceedings below had not yet ended. The district court has now entered a default judgment against Benavides and closed the case. Either way, we had jurisdiction at the time of appeal because the district court entered a "nonfinal judgment[] certified as final" under Federal Rule of Civil Procedure 54(b). *See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999).

[4] DeLeon suggests that against municipalities, mere "generic or boilerplate assertions for grounds of municipal liability" are enough. That is not so. As we've said time and again, "our precedents make clear that the *Twombly* standard"—not any lower-than-normal standard—"applies to municipal liability claims." *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 284–85 (5th Cir. 2020) (discussing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866 n.10 (5th Cir. 2012) (en banc) (rejecting any claim that applying the *Twombly* standard in a *Monell* context violated *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), DeLeon's key case).

No. 23-40004

588 F.3d 838, 847 (5th Cir. 2009). While policies like that often take the form of "written policy statements, ordinances, or regulations," they may also take the form of "widespread practice[s] that [are] so common and well-settled as to constitute [customs] that fairly represent[] municipal policy." *Id.* (quotations and citation omitted). Since DeLeon points only to custom, he must plead a pattern of conduct "so long or so frequent[] that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [County] employees." *Id.* at 850 (quotations and citation omitted). Any such pattern "requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Id.* (quotations and citation omitted) (alteration adopted).

First, DeLeon's failure-to-train contention is a "notoriously difficult theory on which to base a *Monell* claim[.]" *Allen v. Hays*, 63 F.4th 307, *withdrawn and superseded on denial of panel reh'g*, 65 F.4th 736, 749 (5th Cir. 2023). To succeed, DeLeon must plead facts showing it plausible that the County was "aware of an impending rights violation but was deliberately indifferent to it." *Id.* at 750. Those facts must demonstrate that "in light of the duties assigned to specific officers . . . , the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." *Id.* (quotations and citation omitted) (alteration adopted).

The district court dismissed because DeLeon failed to plead "any similar or specific instances of failure to train or supervise," failed to "identify training procedures," and did not "demonstrate a causal connection between the alleged failure to supervise or train" and any violation of his rights. We generally agree. DeLeon mentions only two other failures to train: Ramiro Arismendez, who faced excessive force allegations

4

in 2000 but did not receive "any additional training[;]" and the officers involved in the 1997 incident. As to Arismendez, DeLeon provides no details—we are unable to determine whether any failure to train him constitutes the "specific violation" at issue here. And as to the 1997 officers, a single incident over twenty years prior does not constitute a "pattern." DeLeon's facts thus fail to "clear this high bar," *id.*, and so dismissal was appropriate.

DeLeon's other claims fare no better. As to his alleged County policy of sanctioning excessive force, he again provides details regarding only the single 1997 incident. That does not support a pattern. And as before, the lack of detail regarding the six identified officials and their alleged transgressions makes it impossible for us to determine whether they committed—and the County condoned—the specific violation at issue here. The same is true with DeLeon's failure to intervene claim. DeLeon asserted his claim only in passing. But he provides no examples of when the County had a chance to intervene but did not. That too fails to allege a pattern of misconduct. Dismissal of both claims was warranted.

### III

The district court is AFFIRMED.